Lucille T. ROSSI

v.

SINGER SEWING MACHINE COMPANY

Civ. A. No. 4682.

United States District Court
D. Connecticut.

Dec. 22, 1953.

Motion to Reconsider Motion to Remand Denied Jan. 27, 1954.

James F. Rosen, New Haven, Conn., for plaintiff.

Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for defendant.

SMITH, District Judge.

Plaintiff brought action in the Court of Common Pleas for New Haven

County under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Defendant employer, a New Jersey corporation, removed to this court under 28 U.S.C. § 1441. Plaintiff moves to remand to the Court of Common Pleas, relying on the reasoning of the cases which interpreted "maintained" in the Fair Labor Standards Act to show an intent that action started in any court of competent jurisdiction could be prosecuted there to conclusion without removal. See Johnson v. Butler Bros., 8 Cir., 1947, 162 F.2d 87, 172 A.L.R. 1157.

The 1948 revision of Title 28 appears to have overruled that line of cases, however, providing that certain actions are to be removable "Except as otherwise expressly provided by Act of Congress."

It is highly probable that this provision in the removal statute was intended to remove doubt as to removability of such cases as this.

The "maintained" phrase in the Fair Labor Standards Act can hardly be termed an express provision against removal. Moore's Commentary on the U. S. Judicial Code, Sec. 0.03(41), p. 265.

The motion to remand is denied.

#### On Motion to Reconsider Motion to Remand

Plaintiff brought this action in the Court of Common Pleas under the Fair Labor Standards Act. Defendant removed to this court. Plaintiff moved to remand. The Court by memorandum filed December 23, 1953 denied the motion. Plaintiff thereupon filed an amendment to the complaint adding a second count claiming $2,000 damages for failure to pay overtime under the Connecticut minimum wage law, Gen.St.Supp. 1953, § 1528c et seq.; and with it filed a motion to reconsider the motion to remand.

Since the removal when made was not done "improvidently and without jurisdiction" 28 U.S.C. § 1447(c) does not authorize remand. Brown v. Eastern States Corporation, 4 Cir., 181 F.2d 26.

■ Even if the Court be considered to have the power to remand either or both counts in its discretion, it would not be desirable to encourage such a devious method of whittling away defendant's rights under the removal statute, so long as the Congress does not see fit to repeal or modify the statute.

The motion to reconsider the motion to remand is in all respects denied.