**Shirley RUTH and David Ruth, Plaintiffs,**

**v.**

**WESTINGHOUSE CREDIT CO., INC. and Mathis Brothers Furniture, Inc., Defendants.**

**No. Civ–74–110–E.**

United States District Court, W. D. Oklahoma.

March 22, 1974.

David A. Walker, Oklahoma City, Okl., for plaintiffs.

Collier H. Pate, Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION AND ORDER

EUBANKS, District Judge.

This case was removed from the District Court in and for Oklahoma County, State of Oklahoma, upon the petition of the Defendants. The Plaintiffs had brought suit against the Defendants under the Consumer Credit Protection Act, 15 U.S.C.A. § 1681p to recover $690.00 actual damages by virtue of alleged false credit representations of the Defendants. The Petition further alleged that the false representations were wilful and malicious on the part of the Defendants and that same were designed to cause injury to the Plaintiffs, for which false representations the Plaintiffs seek $25,000.00 in punitive damages. The Plaintiffs have filed a Motion to Remand to the state court.

Subchapter III of the cited statute, §§ 1681–1681t, deals with "Credit Reporting Agencies". It recites the permissible uses of consumer reports, the disclosures respecting them, the conditions of disclosures to consumers, and the requirements on users of consumer reports.

The Statute provides in pertinent part:

Any consumer reporting agency or user of information which willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

(1) any actual damages sustained by the consumer as a result of the failure;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. 15 U.S.C.A. § 1681n

The Statute further provides that:

An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises . . . 15 U.S.C.A. § 1681p

The Statute did not amend the Removal Statute, 28 U.S.C.A. § 1441(a), which provides, with exceptions not pertinent here, that any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant.

The Courts have uniformly held that a state court is a "court of competent jurisdiction" in which an action may be brought to enforce liability imposed by a federal statute. Liability is imposed by the Consumer Credit Protection Act. The issue to be determined herein is whether the case, removed by Defendants from the state court to this Court, should, on Plaintiffs' Motion to Remand, be remanded to the state court. No reported case touching the issue has been brought to the attention of the Court by counsel. Nor has the extended research of the Court disclosed such a case. Moreover, no answer has been found in the legislative history of the Statute.

There is no federal statute comparable in the language used. The most comparable language appears in the Fair Labor Standards Act. It provides that "action to recover such liability [liability under the Act] may be maintained in any court of competent jurisdiction." 29 U.S.C.A. § 216(b). Repeatedly the courts have held that actions brought in state court under the Fair Labor Standards Act are not removable to the federal court. Not infrequently the courts have remanded removal cases to the state court on their own motions.

The reasoning of the courts in cases involving the Fair Labor Standards Act is persuasive here. The thrust of the Consumer Credit Protection Act is the protection of credit consumers. It was not amendatory of existing statutes. It treats with the disclosure of consumer credit cost, credit advertising, restrictions on garnishment and credit reporting agencies. It imposes liability for violations and gives a right of action to injured parties in the federal district courts or in any other court of competent jurisdiction.

It has been uniformly held that a state court is a court of competent jurisdiction within the meaning of this Statute. In Wingate v. General Auto Parts Co., (Mo., 1941) 40 F.Supp. 364, 365, in interpreting the provision of the Fair Labor Standards Act which authorizes an action to recover liability to be maintained in any court of competent jurisdiction, Judge Otis held that an action under the Act instituted in a state court is not a removable case.

The amounts involved usually are small. The places in which federal courts are held are few. They are only to be found in the larger cities. If it was not intended that state courts should have jurisdiction of these cases, then Congress made this act of slight value to working men, who might easily bring suit in a justice court or other state court in the neighborhood in which they live, but who, if they had to go to some distant city to prosecute the case, would, in effect, be prohibited from seeking any remedy. p. 365

In Kuligowski v. Hart, (Ohio, 1941) 43 F.Supp. 207, where an action to recover overtime compensation under the Fair Labor Standards Act involved only fact questions, the Court held that the

action was not removable from state court to federal court. The Court said:

> It would be a vain thing for Congress to provide that such actions as this could be maintained in any court of competent jurisdiction, only to permit the action so commenced to be removed to the Federal Court. . . . Congressional provision for maintaining an action to enforce a right given by Federal statute in any court of competent jurisdiction, and the facts of this case as alleged in the petition, effectively foreclose the right of removal on the grounds relied upon here. If this is not so, the language of the statute is meaningless.

> Furthermore the case, on the record, involved not the construction of a Federal statute, but it is an action to enforce a right given by a Federal statute, and for the prosecution of the right to a remedy the Congress has provided that the employee may maintain an action in any court of competent jurisdiction, and Common Pleas courts are such courts. . . .

> Since all jurisdiction of the District Courts arises out of Congressional grant, so the Congress may modify or withdraw jurisdiction. To the extent that it has given the right of employees to maintain actions in other courts of competent jurisdiction, it seems reasonable to conclude that *it intended to give the employee the choice of jurisdiction, not the employer*. pp. 207–208. [Emphasis added]

The language of the Court in Booth v. Montgomery Ward & Co. (D.C.Neb., 1942) 44 F.Supp. 451 is equally applicable to the case at bar. There again the question at issue was whether an action brought in a state court to recover under the Fair Labor Standards Act was removable to the federal court. In holding that the action could not be removed, the Court said:

> This court is satisfied that *the legislative purpose*, in harmony with the prompting impulse of the Fair Labor Standards Act, *was to grant a broad jurisdiction for the enforcement of the obligations imposed under the act, and specifically to vest the plaintiff employee with the election between the available courts*. The reasons for that course are manifest. It was and is obvious that, except in very rare group or class actions, the amount of potential recovery under the act will be so small that the aggrieved employee will be tempted to abandon the vindication of his right unless he may institute his suit and prosecute it to effect in a court of his own choice, within his immediate neighborhood, and without burdensome and disproportionate expense both in money and in time. To that end, the court considers that the congress employed apt language, in providing that the suits arising under the law might be "maintained in any court of competent jurisdiction." . . . [Emphasis added]

> Nor does the court consider that express amendment of the removal statute was required to make the legislative purpose effective. Certainly a flat prohibition against removal . . . would have eliminated all question of removal. It would, therefore, have been good legislative craftsmanship. But its omission is not fatal to the manifest intent of the congress. The legislation was a novel venture. It did not merely declare and implement an existing, but hitherto undefined, right. It created a new right. And it appropriately provided the jurisdiction within which that right might be enforced. Its action in that behalf . . . must not now be nullified by narrow or captious judicial construction. The basic right being allowed, its vindication must not be defeated by burdensome procedural restrictions, unless the congress, by clear mandate, has itself imposed them.

> *This court considers, therefore, that the act itself, fairly understood, ought to be regarded as a clear indication of the legislative determination that the*

*employee may select, and remain in, the forum of his choice, for the assertion of his civil rights under it.* [Emphasis added]

The Court finds, for the foregoing reasons, that Plaintiffs' Motion to Remand the case should be sustained. Accordingly,

It is ordered That Plaintiffs' Motion to Remand be and is hereby sustained and that the said case be and is hereby remanded to the District Court of Oklahoma County, State of Oklahoma.