**Franklin G. GRIFFIN, Plaintiff,**

v.

**HOOPER–HOLMES BUREAU, INC., Defendant.**

**No. 74–419–Civ–J–T.**

United States District Court, M. D. Florida, Jacksonville Division.

April 21, 1976.

Hugh M. Davenport, Jacksonville, Fla., for plaintiff.

Jeffrey D. Dunn, Jacksonville, Fla., for defendant.

CHARLES R. SCOTT, District Judge.

ORDER

This cause is before the Court on defendant's continuing motion to dismiss and on plaintiff's motion to remand the case to state court where it was commenced. On

February 20, 1975, the Court ordered plaintiff and defendant to file memoranda of law concerning (1) the propriety of the removal of this action to federal court; and (2) the subject matter jurisdiction of this Court over the alleged cause of action, inasmuch as the dispute involves credit report information—not of a consumer, but of a prospective buyer of a commercial business. In his memorandum plaintiff agreed with defendant that the case had been properly removed to federal court. Since that time, however, plaintiff has filed a motion for remand, arguing principally that the heavy caseload of this division of the United States District Court for the Middle District of Florida has resulted in slow progress of this case. Defendant naturally opposes the motion to remand for the reason that discovery has already occurred pursuant to the Federal Rules of Civil Procedure and because plaintiff argued against remand in his earlier memorandum.

 It is now clear that an action that has been removed from state court to federal court under 28 U.S.C. § 1441, *et seq.,* may be remanded without corrective appellate review only for (1) improvident removal, or (2) lack of jurisdiction. *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 342, 345, 96 S.Ct. 584, 588, 590, 46 L.Ed.2d 542, 549, 551 (1976). There is no question that a federal district court has jurisdiction over actions arising under 15 U.S.C. § 1681, *et seq.* Section 1681 specifically provides that such an action may be commenced in any United States District Court. Hence, apart from any consideration on the merits of the motion to dismiss in this case for lack of jurisdiction, it is clear that the removal of the action to this Court was within the Court's jurisdiction if in fact there was any genuine cause of action within the scope of the statute when the case was filed in state court in the first place. The issue here, therefore, is whether this case was improvidently removed from state court. If so, it must be remanded. If not, the heavy caseload and laborious delay in litigation in this division notwithstanding, the case must remain in this Court. The Supreme Court made that unmistakably clear in *Thermtron Prods., Inc. v. Hermansdorfer, supra,* at 337, 342, 352, 96 S.Ct. at 587, 588, 593, 46 L.Ed.2d at 547, 548, 554.

There is only one reported case dealing with the question of whether an action commenced in state court may be properly removed to federal court. In *Ruth v. Westinghouse Credit Co.,* 373 F.Supp. 468 (W.D. Okl.1974), the United States District Court for the Western District of Oklahoma analogized the jurisdiction section of the Consumer Credit Protection Act to that of the Fair Labor Standards Act, which is highly similar. In both statutes there is provision for commencing and maintaining an action in any "court of competent jurisdiction." 15 U.S.C. § 1681p. The district court in *Ruth v. Westinghouse Credit Co., supra,* concluded that, like the Fair Labor Standards Act, the jurisdictional section of the Consumer Credit Protection Act was intended to allow the plaintiff the choice of forums in which to commence his action, and was not intended to permit defendant to alter the chosen forum for his own benefit.

The district court in *Ruth v. Westinghouse Credit Co., supra,* however, did not plainly state that there is a closely divided weight of authority concerning whether actions commenced in state courts under the Fair Labor Standards Act may properly be removed to federal courts. It is important to point that out, because the Court here does not, as the district court did in *Ruth v. Westinghouse Credit Co.,* rely exclusively on the analogy to the Fair Labor Standards Act. Rather, the Court additionally relies on an explicit contrast between the jurisdictional provisions of the Consumer Credit Protection Act (15 U.S.C. § 1681p) and the Fair Labor Standards Act (29 U.S.C. § 216(b) ). Unlike the Fair Labor Standards Act, the Consumer Credit Protection Act expressly provides for the commencement of an action under it in "any appropriate United States District Court without regard to the amount in controversy," as well as "any other court of competent jurisdiction." That contradistinctive addition is

not meaningless surplusage, but reflects an intent to settle at the outset of an action under the statute the specific forum in which that litigation will proceed.

■ Consequently, the Court holds that, this action having been commenced in the state circuit court, it was improvidently removed to this Court and must be remanded. In so holding, the Court concurs with the decision of *Ruth v. Westinghouse Credit Co., supra,* but does so on the basis of reasoning that differs from that case.