**Gerald M. HAUN, Plaintiff,**

v.

**RETAIL CREDIT COMPANY, now known as Equifax, Inc., d/b/a Equifax Services, Defendant.**

Civ. A. No. 76–773.

United States District Court, W. D. Pennsylvania.

Oct. 1, 1976.

Charles. F. Gilchrest, Sharon, Pa., for plaintiff.

John P. McComb, Jr., Pittsburgh, Pa., Ronald T. Heiman, Sharon, Pa., for defendant.

## OPINION

SNYDER, District Judge.

Plaintiff commenced an action in the Court of Common Pleas of Mercer County, Pennsylvania, seeking recovery under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (1970) [hereinafter FCRA] and certain related causes of action.[1] Defendant answered in State Court and then filed a

---

1. Plaintiff also sought recovery under theories of contract interference, negligence and/or wilful and wanton reckless conduct, and defamation, all arising out of an allegedly inaccurate credit report.

petition for removal to this Court in accordance with 28 U.S.C. § 1446 (1970). Plaintiff now requests a remand to the State Court, alleging that FCRA cases are not removable[2] and that, in any event, Defendant waived his right to remove by pleading in the State Court.

## I. THE STATUTORY LANGUAGE

■ An action brought in a state court over which federal district courts also have original jurisdiction may be removed to a federal court under 28 U.S.C. § 1441(a) (1970) "[e]xcept as otherwise expressly provided by Act of Congress." This statute reflects a longstanding Congressional policy of providing defendants as well as plaintiffs access to a federal forum in cases of concurrent state and federal jurisdiction[3] unless Congress has created an explicit statutory exception for special circumstances. Such exceptions are few, and when Congress has deemed that exceptional considerations warrant a removal prohibition it has manifested its intent by clear and unambiguous statutory language. *See* 28 U.S.C. §§ 1445(a) (FELA cases "may not be removed"), 1445(b) (suit against a common carrier for shipping damages "may not be removed to any district court of the United States unless the matter in controversy exceeds $3,000"), 1445(c) (workmen's compensation cases "may not be removed"); Securities Act of 1933, 15 U.S.C. § 77v ("no case . . . brought in any State court of competent jurisdiction shall be removed"); and Bankruptcy Act, 11 U.S.C. § 205(j) ("Proceedings under this section . . . shall not be grounds for the removal").

The specific issue presented here is whether Congress intended such a removal exception in Section 1681p of the FCRA when it provided that suit "may be brought in any appropriate United States district court without regard to amount in controversy, or in any other court of competent jurisdiction . . . ." This Court has been referred to only one other case directly on point. In *Ruth v. Westinghouse Credit Co., Inc.*, 373 F.Supp. 468 (W.D.Okl.1974), the district court relied on cases interpreting similar language in the Fair Labor

**2.** *Since the Defendant based his removal petition on original federal district court jurisdiction based not only on the jurisdictional grant in the FCRA but also under 28 U.S.C. §§ 1331 federal question and 1332 diversity jurisdiction, Plaintiff also argues that §§ 1331 and 1332 do not afford the Defendant a basis for removal under the circumstances of this case, even though the statutory jurisdictional requirements are otherwise satisfied. He contends that it would be improper to permit removal of the FCRA claim on the basis of either federal question or diversity jurisdiction because to do so would enable the Defendant to circumvent the removal prohibition which he alleges is express in the FCRA. As to this contention, courts are divided on whether a removal prohibition in a statute granting federal jurisdiction also prohibits removal of the same action based on other jurisdictional grounds.*

*With respect to the other three causes of action alleged in Plaintiff's complaint providing a basis for removal, Plaintiff points to the Defendant's answer which alleges that the FCRA bars those causes of action unless malice is shown. He therefore maintains that the Defendant cannot base his removal on these alleged causes of action. In the first instance, it is unclear whether the FCRA bars a contract interference action even if no malice is alleged. Although the statute specifically bars negligence or defamation actions unless malice is*

*shown, it makes no reference to contract interference actions. Assuming it is barred by the statute, one must determine whether the Plaintiff's complaint raises questions in regard to these three causes of action so insubstantial that they fail to raise a case or controversy, in which case this Court clearly would not have original jurisdiction and the actions could not serve as a basis for removal, or if the Plaintiff has merely failed to state causes of action by not alleging malice, in which case it is unclear whether or not these actions could serve as a basis for removal. Finally, the question is raised as to whether these three causes of action are merely alternate theories restating the grounds for recovery under the FCRA and therefore insufficient to support a removal to federal court.*

*Because of our disposition of the motion on the FCRA interpretation, the Court can exercise pendant jurisdiction over the other causes of action, and we need not reach these issues.*

**3.** *Congress created the statutory right of removal to federal court in the Judiciary Act of 1789, and this right has been restricted to defendants and based on original jurisdiction in the federal courts since the Judiciary Act of 1887, which set the framework for modern removal statutes. See generally, 1A Moore's Federal Practice ¶ 0.156 (1974).*

Standards Act, 29 U.S.C. § 219 (1970) [hereinafter FLSA] as a removal prohibition and thus held FCRA cases nonremovable.

Analysis of FLSA cases does not compel such a conclusion, for courts are divided on whether Congress intended a removal prohibition in the FLSA.[4] Moreover, although the FSLA and the FCRA are similar in that both allow suit in state or federal court, the language of the two statutes is not identical. The FLSA permits a plaintiff to "maintain" an action in any other court of competent jurisdiction, whereas the FCRA provides that suit "may be brought" in any other court of competent jurisdiction. This slight change in language produces more than a slight change in meaning. The word "maintain" arguably carries the connotation that an action may not only be commenced but also carried on to conclusion.[5] Thus, one may argue that permitting a plaintiff to "maintain" his FLSA suit in a state court is logically inconsistent with permitting the defendant to remove the action to federal court under § 1441(a). Therefore, when Congress used the word "maintain", it intended to create an express exception to the removal statute.[6]

 The FLSA language presents a close question as to whether a removal prohibition was actually intended, but to hold that the FCRA language "may be brought . . . in any other court of competent jurisdiction" produces the same logical inconsistency with § 1441(a) would require a

strained interpretation of the FCRA language. Permitting a suit to be "brought" in a particular court allows the plaintiff to commence an action in that court, but it does not connote an assurance that he will be able to keep it there.[7] Congress intended the word "brought" to mean no more than its usual connotation of "commenced" when it provided in § 1441(a) for removal of cases "brought in a State court", and the FCRA contains no indication in its language or in its legislative history that Congress intended the word to carry any other significance there. The only purpose of the language in question is to permit concurrent jurisdiction, and the mere provision of concurrent jurisdiction does not effect a guarantee against removal. (See, e. g., Section 77v of the Securities Act of 1933, supra, in which Congress provided for concurrent jurisdiction but, to create a bar to removal, deemed it necessary to also include specific language prohibiting removal. The FCRA is void of such express language.)

The Court is not unaware of the policy issue presented here. Some courts have noted in FLSA cases that the amount in controversy may be small and some plaintiffs in rural areas may be "removed" out of a suit if they are forced to suffer the expense and inconvenience of maintaining their suit in a federal court many miles away. Therefore, they contend that Congress intended the FLSA to provide not only a broad basis for relief, but also a broad enforcement jurisdiction in a court of

4. Compare Johnson v. Butler Bros., 162 F.2d 87 (8th Cir. 1947); Carter v. Hill & Hill Truck Line, Inc., 259 F.Supp. 429 (S.D.Tex.1966); Wilkins v. Renault Southwest, Inc., 227 F.Supp. 647 (N.D.Tex.1964); Zorrilla v. Puerto Rican Cement Co., 227 F.Supp. 159 (D.P.R.1964); Dando v. Stonhard Co., 93 F.Supp. 270 (W.D. Mo.1950); and Maloy v. Friedman, 80 F.Supp. 290 (N.D.Ohio 1948) (all holding FLSA cases not removable); with Anthony v. West Coast Drug Company, 331 F.Supp. 1279 (W.D.Wash. 1971); Hill v. Moss-American, Inc., 309 F.Supp. 1175 (N.D.Miss.1970); Goettel v. Glenn Berry Mfrs., Inc., 236 F.Supp. 884 (N.D.Okl.1964); Niswander v. Paul Hardeman, Inc., 223 F.Supp. 74 (E.D.Ark.1963); Buckles v. Morristown Kayo Co., 132 F.Supp. 555 (E.D.Tenn.1955); and Rossi v. Singer Sewing Machine Co., 127

F.Supp. 53 (D.Conn.1953) (holding FLSA cases removable).

5. Webster's Third New International Dictionary defines "maintain" as follows: "3. to preserve in: carry on: keep up: CONTINUE . . . ."

6. See the cases holding that the FLSA bars removal, note 4 supra.

7. Black's Law Dictionary, 240 (4th rev. ed. 1968) defines: "BRING SUIT. To 'bring' an action or suit has a settled customary meaning at law, and refers to the initiation of legal proceedings in a suit. Lake & Co. v. King County, 4 Wash.2d 651, 104 P.2d 599, 601 . . . ."

plaintiff's choosing, protected from a defendant's veto of forum.[8]

The FCRA also provides a broad right of relief and enforcement jurisdiction, cases may involve small amounts, and removal may create inconveniences and additional expenses for some plaintiffs. But these considerations are not so unique to FCRA cases that they require a strained inference from language creating concurrent jurisdiction that Congress intended to give FCRA plaintiffs special protection from removal, especially when Congress has been so explicit in creating exceptions in other situations. If Congress were concerned about a particular danger of removal frustrating the ability of plaintiffs to successfully recover under the FCRA because of the peculiar nature of FCRA cases, it could easily have provided express protections. (*See* 28 U.S.C. § 1445(b), *supra.*)

## II. WAIVER

Since we conclude that the FCRA contains no express removal prohibition, we must now turn to Plaintiff's alternative contention that Defendant waived his right to remove by answering in state court before filing his removal petition. It has been stated that any litigation of the merits of the case or other indication of submission to state court jurisdiction, by answer or otherwise, constitutes a waiver of the right to remove. *See Vendetti v. Schuster*, 242 F.Supp. 746, 754 (W.D.Pa.1965); *General Phoenix Corp. v. Maylon*, 88 F.Supp. 502, 503 (S.D.N.Y.1949). Careful reading of the cases, however, suggests that such a statement is overbroad. Courts have found a waiver of the right to remove when a defendant attempts to experiment with the merits of his case in state court and then use removal to get a second chance or "alternative appeal" route in federal court, *Rosenthal v. Coates*, 148 U.S. 142, 13 S.Ct. 576, 37 L.Ed. 399 (1893); *In re 73rd Precinct Station House in Borough of Brooklyn, City of New York*, 329 F.Supp. 1175, 1178 (E.D. N.Y.1971); *Daugherty v. Sharp*, 171 F. 466 (6th Cir. 1908), or when the defendant's

conduct clearly manifests an intent to submit to state court jurisdiction and have the case tried there. *See Sood v. Advanced Computer Techniques Corp.*, 308 F.Supp. 239 (E.D.Va.1969) (filing a permissive counterclaim in state court); *Briggs v. Miami Window Corp.*, 158 F.Supp. 229 (M.D.Ga. 1956) (filing a permissive cross-action in state court). The majority of courts seem to have held that preliminary conduct by a defendant short of his actual litigation of the merits or his voluntary invocation of state court jurisdiction for his own purposes does not constitute a waiver of his right to remove. *See Malave v. Sun Life Assurance Co. of Canada*, 392 F.Supp. 51 (D.P.R.1975) (motion to extend time to answer in state court is not a waiver); *Genie Machine Products, Inc. v. Midwestern Machinery Co.*, 367 F.Supp. 897 (W.D.Mo.1974) (general appearance and filing a bond to discharge attachment is not a waiver); *Champion Brick Co. of Baltimore County v. Signode Corp.*, 37 F.R.D. 2 (D.Md.1965) (filing an answer is not a waiver); *Parkhill Produce Co. v. Pecos Valley Southern Ry.*, 196 F.Supp. 404 (S.D.Tex.1961) (filing a compulsive counterclaim is not a waiver); *Markantonatos v. Maryland Drydock Co.*, 110 F.Supp. 862 (S.D.N.Y.1953) (general appearance, filing answer, and serving notice to examine plaintiff is not a waiver).

These cases are consistent with the removal procedure set forth by Congress. The purpose of § 1446(b) is to provide a uniform and definite time for a defendant to remove an action. Although waiver is possible within the 30-day time limit proscribed in § 1446(b), only conduct clearly and unequivocally inconsistent with removal should be interpreted as an intent to waive the right to remove. *Genie Machine Products, Inc. v. Midwestern Machinery Co., supra; Champion Brick Co. of Baltimore County v. Signode Corp., supra; Hildreth v. General Instrument, Inc.*, 258 F.Supp. 29 (D.S.C.1966); *Davila v. Hilton Hotels Intern.*, 97 F.Supp. 32 (D.P.R.1951). By merely filing an answer in state court a

8. See the cases holding that the FLSA bars removal, note 4, *supra.*

defendant has not acted so clearly inconsistent with his right to remove. *Champion Brick Co. of Baltimore County v. Signode Corp., supra; Markantonatos v. Maryland Drydock Co., supra.* Filing an answer carries no inference about the defendant's intent to remove, nor does it constitute a litigation of the merits of the case such that removal would afford the defendant a second chance in federal court. Plaintiff is also hard pressed to show any other kind of prejudice caused by the defendant's answer in the state court before removing the case to federal court within the 30-day time limit established in § 1446(b).

On the other hand, it has been noted that treating a defendant's answer as a waiver of removal would create hardships for the defendant. If a defendant failed to answer in state court to preserve his right to remove, and his attempt to remove failed in federal court for some reason, he may face a default in state court. To protect himself, then, he might have to answer in state court and simultaneously file a removal petition or qualify his answer by stating his intent to remove. In either case, the defendant would have to decide to remove or not within the time to answer under state law. This result is contrary to the purpose of § 1446(b) which was enacted to provide

defendants a definite and uniform time for removal, irrespective of the time for answering under state law.[9] *Champion Brick Co. of Baltimore County v. Signode Corp., supra.*

Finally, the Federal Rules of Civil Procedure contemplate an answer in state court before removal to federal court. Rule 81(c) provides that in actions removed to federal court:

> "[r]epleading is not necessary unless the court so orders. In a removed action in which the defendant has not answered, he shall answer . . . within 20 days . . . . . If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it . . . . . A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal."

■ The Court therefore holds that a defendant does not waive his right to remove when he answers in state court and then files a petition for removal timely under § 1446(b).[10] This action is properly removed to this Court, and Plaintiff's Motion to Remand is denied.

An appropriate Order will be entered.

**9.** Prior to the Code of 1948, removal was effected by the defendant's filing a petition for removal in state court within the time allowed to answer or plead. 28 U.S.C. § 72 (1940 ed.). The Code of 1948 provided for removal within 20 days after commencement of the action or service of process, thus creating a uniform time for removal and giving a defendant adequate time to make his decision. The 20-day period enacted in § 1446(b) was extended to 30 days in 1965.

**10.** Upon first impression, this holding may appear inconsistent with an earlier decision in this same district, *Vendetti v. Schuster, supra.* Because removal decisions are not generally appealable, consistency within a given district assumes a greater importance and therefore further explanation is warranted. Although the court in *Vendetti* stated that "[n]umerous cases support the proposition that by litigating the issues in the state court, by demurrer, by pleas in abatement, by answer on the merits, by trial, or other evidence of submission to the state court's jurisdiction, operate to waive the

right of removal", the court was not confronted with the specific question of whether an answer on the merits constitutes a waiver of removal under § 1441(a). Although the court in *Vendetti* was concerned with waiver under § 1442, the waiver issue is essentially the same under the two statutes. A more important distinction is that the court in *Vendetti* had found that the defendant did not remove the case within the time period proscribed in the statute. When a defendant delays his action beyond the specified period it is more likely that a court will find his conduct in state court clearly inconsistent with removal. Also, the court was confronted with a situation in which the defendant moved in state court for judgment on the pleadings, lost, tried unsuccessfully to appeal to the state supreme court, and only then filed a petition for removal. The defendant's unsuccessful attempt to appeal to the supreme court reveals that he was attempting to use removal to federal court as an "alternate" route for appeal and thus have a second chance on the merits.