Carolyn SICINSKI, Individually and on behalf of all other persons similarly situated, Plaintiff,

v.

RELIANCE FUNDING CORPORATION and the Title Guarantee Company, Defendants.

78 Civ. 4192(MP).

United States District Court, S. D. New York.

Dec. 11, 1978.

---

4. *Cf. Gratian v. General Dynamics, Inc.*, 587 F.2d 121 (2d Cir. 1978).

Schwall & Carroll, Lee A. Hoffman, Jr., New City, N. Y., for plaintiff by Isabel L. Becker, New City, N. Y.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant Title Guarantee Co. by Peter A. Copeland, New York City.

Boyle, Vogeler & Stebbings, New York City, for defendant Reliance Funding Corp. by Roger Boyle, New York City.

## OPINION

POLLACK, District Judge.

The plaintiff seeks to remand this case to the New York Supreme Court, Rockland County, from whence it was removed by the defendants. The suit is grounded on two federal statutes; there is no diversity of citizenship. For the reasons shown hereafter, the plaintiff's motion will be denied.

The plaintiff moves to remand this case for three alleged reasons. First, Congress intended to bar removal of actions brought under the two statutes sued upon here.

Second, both defendants did not sign the removal petition. Third, the defendants have not filed timely answers.

### Intention of Congress

The plaintiff sues under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617, and Title I of the Consumer Credit Protection Act (Truth-in-Lending) ("TILA"), 15 U.S.C. §§ 1601–1665. Section 16 of RESPA, 12 U.S.C. § 2614, provides:

> Any action to recover damages pursuant to the provisions of . . . this title may be brought in the United States district court for the district in which the property involved is located, or in any other court of competent jurisdiction ·
> . . . .

Section 130(e) of TILA, 15 U.S.C. § 1640(e), provides:

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction . . . .

The plaintiff argues first that the concurrent jurisdiction granted by the statutes is inconsistent with the right of removal. In this she relies on *Griffin v. Hooper-Holmes Bureau, Inc.*, 413 F.Supp. 107 (M.D.Fla. 1976), and *Ruth v. Westinghouse Credit Co.*, 373 F.Supp. 468 (W.D.Okl.1974), which interpreted a similar concurrent-jurisdiction provision in Title VI of the Consumer Credit Protection Act, 15 U.S.C. § 1681p, to bar removal. *Griffin* and *Ruth* relied in turn on an analogy with the concurrent-jurisdiction provision of the Fair Labor Standards Act.

Section 16(b) of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), provides:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained . . . in any Federal or State court of competent jurisdiction . . . .

Numerous courts (although not a majority of those that have considered the matter, *see* 14 *Wright, Miller & Cooper, Federal Practice and Procedure,* § 3729 at 712–13)

have interpreted this provision to bar removal. They have reached this conclusion for two reasons. First, by using the word "maintain," Congress meant that an action could be maintained to completion in the court in which it was brought. *E. g., Johnson v. Butler Bros.,* 162 F.2d 87 (8th Cir. 1947). Second, recoveries under the Act are likely to be small, federal courts often are far from plaintiffs' homes, and removal therefore is likely to be so inconvenient for plaintiffs that suits under the Act would not be worthwhile. Thus plaintiffs should have their choice of forum. *E. g., Booth v. Montgomery Ward & Co.,* 44 F.Supp. 451 (D.Neb.1942), *quoted in Ruth, supra,* 373 F.Supp. at 470. The plaintiff argues only that the second of these reasons to bar removal—convenience of plaintiffs—applies here.

The defendants rely on three arguments. First, 28 U.S.C. § 1441(a) gives them a right of removal "[e]xcept as otherwise *expressly* provided by Act of Congress" (emphasis added), and the jurisdictional sections of RESPA and TILA do not *expressly* bar removal. Second, when Congress has wanted to bar removal it has said so expressly, *see, e. g.,* 28 U.S.C. § 1445(a) (FELA cases "may not be removed"); 28 U.S.C. § 1445(b) (suit against a common carrier for shipping damages "may not be removed to any district court of the United States unless the matter in controversy exceeds $3,000"); 28 U.S.C. § 1445(c) (workmen's compensation cases "may not be removed"); Securities Act of 1933, 15 U.S.C. § 77v ("[n]o case . . . brought in any State court of competent jurisdiction shall be removed"). Third, the weight of authority, including all decisions by district courts in this Circuit, is against interpreting a concurrent-jurisdiction provision to bar removal, *see, e. g., Beckman v. Graves,* 360 F.2d 148 (10th Cir. 1966); *Haun v. Retail Credit Co.,* 420 F.Supp. 859 (W.D. Pa.1976); *Barrett v. McDonald's,* 419 F.Supp. 792 (W.D.Okl.1976); *Hill v. Moss-American, Inc.,* 309 F.Supp. 1175 (D.Miss. 1970); *Rossi v. Singer Sewing Mach. Co.,* 127 F.Supp. 53 (D.Conn.1953); *Green v. Fluor Corp.,* 122 F.Supp. 224 (S.D.N.Y. 1954); *Asher v. William L. Crow Constr. Co.,* 118 F.Supp. 495 (S.D.N.Y.1953); *Korell v. Bymart,* 101 F.Supp. 185 (E.D.N.Y.1951).

In the Court's opinion, the defendant's arguments are the more persuasive. In framing jurisdictional provisions like 12 U.S.C. § 2614 and 15 U.S.C. § 1640(e), Congress has taken at least three approaches. First, it has permitted plaintiffs to sue in federal court only, *e. g.,* 15 U.S.C. § 15 (antitrust suits); second, it has given plaintiffs a choice of state or federal court, subject to the defendant's right of removal, *e. g.,* 7 U.S.C. § 1365; *Beckman v. Graves,* 360 F.2d 148 (10th Cir. 1966) (Agricultural Adjustment Act); and third, it has given plaintiffs a choice of state or federal court not subject to removal, *e. g.,* 15 U.S.C. § 77v (securities suits).[1] Each of these expresses a different degree of solicitude for the convenience of plaintiffs. The gist of the plaintiff's argument is that when Congress has taken the second approach it actually intended to take the third approach but failed to say so clearly. The two types of provision express different intentions with equal accuracy, however, and absent some compelling evidence in the legislative history, courts should not conclude that Congress mistook its own purpose when choosing one approach or the other.

The plaintiff's second argument on congressional intention is that RESPA, as it was passed initially by the Senate, provided that actions for violations could be brought in state court only. The House version contained the concurrent-jurisdiction provision that eventually became the present § 16, and it was the House version that Congress adopted. The plaintiff argues that it must have been the intention of the Senate to afford plaintiffs the forum most convenient to them and therefore that removal should be barred.

---

1. Congress also could permit plaintiffs to sue in state court only, as the Senate version of RESPA would have done, *see infra.*

The defendants argue that, since Congress rejected the Senate version of RESPA, it must not have endorsed the policies underlying that version. The Court finds this argument persuasive. In addition, however, it should be noted that the Senate's reason for limiting jurisdiction to state courts, as explained by Senator Burdick, 120 Cong.Rec. 24928 (1974), was not the convenience of plaintiffs, but rather was that litigation under RESPA would be of so little national consequence that the federal courts should not be troubled with it. Further, if the Senate actually had intended to give plaintiffs the forum of their choice, rather than merely not to burden the federal courts, it would have allowed plaintiffs to sue in either state or federal court. For all these reasons, the Court concludes that the plaintiff's second argument about the intention of Congress is without merit.

### Joinder of Defendants in the Petition

■ The removal petition was signed by one defendant, Title Guarantee, only. · In it, Title Guarantee represented that the other defendant, Reliance, had authorized Title Guarantee to say that Reliance consented to removal. The plaintiff argues that all defendants must actually sign the petition. Neither party has cited, nor has the Court found, any case that decides whether all defendants must actually sign the petition.

In any event, Reliance now has filed an affidavit consenting to removal. Apparently anticipating this, the plaintiff argues that the time to petition for removal has passed and the defendants should not now be allowed to amend their petition.

The Court concludes that Reliance's affidavit will be received and held to cure any defect in the original petition. The substantive requirement that the defendants be unanimous in their choice of a federal forum was shown by the original petition to be satisfied. Even if the lack of both signatures were conceded to be a defect in the petition, the plaintiff has not been seriously prejudiced thereby. Presumably she still would have moved to remand on the other grounds that she now asserts. *Cf. Wright,*

*Miller & Cooper, supra,* § 3733 at 734 (petition may be amended after time for seeking removal in order "to set out more specifically grounds for removal that already have been stated, albeit imperfectly, in the original petition").

### Timeliness of Answers

■ The plaintiff argues that Fed.R. Civ.P. 81(c) requires in this case that an answer be served within five days after the filing of the petition. The petition was filed on Tuesday, September 5, 1978, and Title Guarantee's answer was served on Tuesday, September 12. Reliance still has not answered.

Title Guarantee argues that, since the period allowed for serving an answer was less than seven days, Saturday the 9th and Sunday the 10th are to be excluded under Rule 6(a). The deadline thus computed was September 12, the day its answer was served.

The Court notes that the plaintiff has cited no authority for remanding a case to state court because of an untimely answer. *Maybruck v. Haim,* 290 F.Supp. 721, (S.D.N.Y.1968), which the plaintiff cites, does hold that statutory removal requirements must be strictly complied with, but does not hold that a timely answer is one such requirement.

Accordingly, the plaintiff's motion to remand this case to state court is, in all respects, denied.

SO ORDERED.