**MERCY HOSPITAL ASSOCIATION, Plaintiff,**

v.

**Frank MICCIO, Local One Amalgamated Lithographers of America, an Unincorporated Association of Edward Hansen, President, Defendants.**

**No. CV 84–3806.**

United States District Court, E.D. New York.

March 22, 1985.

Mullooly, Jeffrey, Rooney & Flynn, Glen Head, N.Y., for plaintiff.

Robinson, Silverman, Pearce, Aronsohn & Berman, New York City, for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Mercy Hospital Association commenced this action against defendants for payment of approximately nine months of in-patient medical care and services provided to defendant Frank Miccio. Although plaintiff names Mr. Miccio's union and its president as co-defendants liable for payment of the $197,346.83 allegedly owing, in fact the proper defendant is not Local One of the Amalgamated Lithographers of America (the Union) but its Sickness and Accident Fund (the Union Fund).

Plaintiff filed the action in New York Supreme Court for the County of Nassau and served the Union. The Union Fund then filed a timely petition for removal in this Court. 28 U.S.C. §§ 1441, 1446(a)–(b). Plaintiff now moves for remand of the action to state court.

Certain threshold issues must be noted and addressed. Plaintiff did not initially file this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1144. The Union Fund, however, contends in their answer that the cause of action arises under ERISA and the plaintiff now agrees. Both sides have next agreed that plaintiff's suit is under 29 U.S.C. § 1132(a)(1)(B) and that therefore under § 1132(e)(1) the state and federal courts have concurrent original jurisdiction. Subsection 1132(a)(1)(B) allows civil suits by beneficiaries or participants to recover benefits due from an ERISA fund. The parties, therefore, agree that this particular benefit fund is governed by ERISA and that Mercy Hospital, as the one to whom benefits are owing, has standing to sue under § 1132(a)(1)(B). The Court, however, does not have before it necessary facts for determination of these points. While not deciding the issues, for the purposes of this motion the Court will assume the parties are correct that ERISA applies and Mercy Hospital is the proper plaintiff under § 1132(a)(1)(B).

Plaintiff contests removal of this action on the ground that the Court has discretionary power in removal cases and the proper exercise of that power would dictate remand to state court. Plaintiff has perhaps misapprehended the law. The Court does not treat a removal petition in a civil action as a motion or application to be denied or granted, 28 U.S.C. § 1446(a)–(b). Rather, filing the petition has the effect of removing the action to district court, subject to remand or dismissal. Grounds for remand or dismissal include lack of subject matter jurisdiction in the federal district court, 28 U.S.C. § 1447(c), or a statutory prohibition of removal, e.g., 28 U.S.C. § 1441(b), 1445.

Indeed, the right to removal is a statutory grant to be strictly construed. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The defendant seeking removal must base the petition on a specific removal provision and specific grant of original jurisdiction in the district court. In this instance, the Union Fund premises removal on federal question jurisdiction, that is the ERISA claim, and the removal provision of 28 U.S.C. § 1441(a) and (b).

Plaintiff, however, argues that the matter should be remanded. In particular plaintiff relies on the language "any civil action ... *may* be removed by the defendant," 28 U.S.C. § 1441(a) (emphasis added). Plaintiff contends that this wording vests the Court with discretion as to whether an action with concurrent state and federal jurisdiction will be removed to federal court. This is not the correct interpretation. The permissive wording means that a defendant can choose to remove the action to district court or can choose to proceed in the state forum chosen by plaintiff.

In support of this assertion of discretionary power in the Court and its contention that the case should be remanded, Mercy Hospital further relies on *Lederman v. Pacific Mutual Life Insurance Co.* for the proposition that in cases of concurrent jurisdiction under 29 U.S.C. § 1132(a)(1)(B) and (e)(1), the defendant should not be allowed to vitiate plaintiff's choice of forum by removing to federal court. 494 F.Supp. 1020, 1023 (C.D.Cal. 1980). This defies the logic and purpose of the removal statutes. With due respect to the *Lederman* Court, its construction is incorrect. The federal removal statutes explicitly contemplate concurrent jurisdiction in all cases eligible for removal. 28 U.S.C. §§ 1441–1450. Moreover, original jurisdiction in state court is a prerequisite for the federal court to acquire derivative jurisdiction by removal. *Venner v. Michigan Central Rail Road,* 271 U.S. 127, 46 S.Ct. 444, 70 L.Ed. 868 (1926). That 29 U.S.C. § 1132(e)(1) excepts actions under Subsection 1132(a)(1)(B) from exclusive federal jurisdiction cannot reasonably be construed to mean that it bestows on plaintiff irrevocable choice of forum. To make removal discretionary with the district court and base exercise of that discretion on a principle of deference to initial filing destroys the purpose and effect of the removal provisions. The removal statutes by their very purpose and nature take away plaintiff's power to choose the forum in limited cases.

The instant case is just such a case. As an action based on a federal question it comes squarely under 28 U.S.C. § 1441(a)–(b). The requisite original jurisdiction in both the state and federal courts is present, and the procedural requirements apparently were followed. Plaintiff's contention that there is a third requirement of district court discretion calls for a gloss on the statute that is not supported by the law and runs counter to the principle of strict interpretation of the removal statutes. Indeed, it runs counter to the language of the statute. Section 1441(a) begins, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court ... may be removed...." There is no express contradiction of this permission to remove in 29 U.S.C. § 1132(a)(1)(B) or (e)(1), hence no basis to bar removal here. *E.g., McConnell v. Marine Engineers Beneficial Association,* 526 F.Supp. 770 (N.D.Cal.1981). Moreover, if there were an express prohibition of removal of § 1132(a)(1)(B) actions filed in state court, it would not be a basis for an exercise of discretion of the sort propounded by plaintiff. *See* 28 U.S.C. § 1445(a) (nonremovable actions arising under federal law). Rather, in a straightforward question of removal of an action arising under federal law, the Court does not exercise discretion, but strictly interprets and applies the provisions governing removal.

The Court concludes that Mercy Hospital has presented no ground for remand of this action to state court. 28 U.S.C. § 1447(c). Accordingly, plaintiff's motion to remand is denied.

SO ORDERED.