**William BROOM, Jr., Plaintiff,**

v.

**TRW CREDIT DATA, Co–Op Services Credit Union, Janice Perkins, and John Doe, Defendants.**

**No. 89–CV–73321–DT.**

United States District Court, E.D. Michigan, S.D.

Jan. 29, 1990.

Elias Muawad, Carson & Carson, Detroit, Mich., for plaintiff.

Ronn S. Nadis, Frank and Stefani, Troy, Mich., for TRW Credit Data.

James N. Meinecke, Romulus, Mich., for Co–Op Services Credit Union.

## MEMORANDUM OPINION

WOODS, District Judge.

Plaintiff William Broom, Jr. filed a complaint in the Circuit Court for Wayne County, Michigan, on October 13, 1989, against defendants TRW Credit Data, Co–Op Ser-

vices Credit Union, Janice Perkins, and John Doe. Broom's complaint alleges that Janice Perkins and an unnamed party fraudulently obtained a loan from Co–Op through the unauthorized use of Broom's name as a co-signer. Perkins later defaulted on the loan and Co–Op sent a negative credit report on Broom to TRW. Broom's complaint asserts a claim against TRW under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.* Broom's complaint also asserts claims against the various defendants for common law negligence, libel/defamation, and fraud.

TRW filed a timely notice of removal to this Court on November 7, 1989, pursuant to 28 U.S.C. § 1441, based upon a grant of original jurisdiction in the FCRA, 15 U.S.C. § 1681p, and upon federal question jurisdiction under 28 U.S.C. § 1331. Broom now moves to remand this action to state court. Broom argues that removal was improper since (1) the FCRA's jurisdictional provisions restrict removal to federal court once an action under the FCRA is properly filed in state court, and (2) not all of the defendants have concurred in the removal of this action. Broom's arguments are not persuasive.

Section 618 of the FCRA states in pertinent part: "An action to enforce any liability created under this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court with competent jurisdiction...." 28 U.S.C. § 1681p. Broom argues that this section was intended to limit a defendant's right to remove an FCRA action to federal court. Since Broom "brought" his action in Wayne County Circuit Court, a court within the parameters of "any other court with competent jurisdiction," removal to federal court is argued to be improper.

To support this argument, Broom relies upon the cases of *Ruth v. Westinghouse Credit Co.*, 373 F.Supp. 468 (W.D.Okla. 1974), and *Griffin v. Hooper-Holmes Bureau, Inc.*, 413 F.Supp. 107 (M.D.Fla.1976). In *Ruth*, the court read into the FCRA's either/or grant of jurisdiction a congressional intent to restrict removal from state to federal court by relying upon an analogy of the FCRA's jurisdictional language to that of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). 373 F.Supp. at 469–70. The *Griffin* court concurred with the holding in *Ruth,* and further opined that the FCRA's mentioning of both the federal courts and any other court with competent jurisdiction was not meaningless surplussage, but rather, an indication of the intent of Congress to settle at the outset in which forum an FCRA action will proceed. 413 F.Supp. at 108–09.

 The rationales utilized by the *Ruth* and *Griffin* cases, however, were later rejected by several courts. In *Haun v. Retail Credit Co.*, 420 F.Supp. 859 (W.D. Pa.1976), the court held that a suit commenced in state court under the FCRA may be properly removed to federal court. The *Haun* court noted that a reliance upon the FLSA language to support a restriction on the right to remove an FCRA action is misleading. In fact, the courts are somewhat divided on whether Congress intended to restrict the removal of FLSA actions. *See Haun,* 420 F.Supp. at 862 n. 4. Furthermore, the language used in the FLSA is different from that used in the FCRA. The FLSA provides that a plaintiff may "maintain" an action in any court of competent jurisdiction. The FCRA provides that a suit may be "brought" in any court of competent jurisdiction. Whereas the word "maintain" can be arguably interpreted to mean that a plaintiff may not only commence an action in the court of his or her choice, but also carry it to conclusion there, the language "may be brought" merely connotes that a plaintiff may *commence* an action in any competent court, but not necessarily keep it there. *Id.* at 862. This interpretation of the FCRA's jurisdictional provisions is logical. The removal statute, 28 U.S.C. § 1441(a), provides for the removal of cases "brought in a State court." The word "brought" in this instance is intended to have no more than its usual connotation of "commenced." *Id.*

The *Haun* decision was followed in *Sicinski v. Reliance Funding Corp.*, 461 F.Supp. 649 (S.D.N.Y.1978). The *Sicinski*

court further opined that a Congressional intent to limit the removal of actions from state court to federal court should not be read into a statute lightly absent some compelling evidence in the legislative history. *Id.* at 651. Nothing in the FCRA's legislative history indicates an intent to limit the right of removal granted under 28 U.S.C. § 1441. *Id.*

 It appears that no cases have been reported within this district or this circuit which directly construe the jurisdictional provisions of the FCRA. However, this Court in *Aben v. Dallwig*, 665 F.Supp. 523 (E.D.Mich.1987), did conclude that the grant of concurrent jurisdiction alone under 42 U.S.C. § 1983 was insufficient to defeat the right of removal granted under 28 U.S.C. § 1441.

In the present matter, the Court finds that the more logical interpretation of the FCRA's jurisdictional provisions is that contained in the *Haun* and *Sicinski* cases. The right of a plaintiff to commence an FCRA action in state court is thus subject to the right of the defendant to remove the action to federal court. Nothing in the language of the statute or in its legislative history indicates otherwise. On the contrary, the very language "may be brought" as used in the FCRA is a mirror of that language used in the removal statute.

 Broom further contends that removal is defective since not all the defendants have joined in the petition to remove. TRW argues that this action is removable without the joining of all defendants under 28 U.S.C. § 1441(c) since the FCRA claim asserted against TRW is a "separate and independent claim or cause of action" from the other common law claims asserted against the other defendants. The FCRA claim, however, is not a separate and independent claim. Rather, it is closely related to the three other common law claims, arising from an interlocked series of transactions. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

Nevertheless, plaintiff's action is still properly removed. Defendant Co–Op has in fact joined in the petition and has now

filed an affidavit stating as such attached to its response. The remaining two defendants, Janice Perkins and John Doe, have yet to be served, and therefore their joinder in the petition is not relevant. Removal of the FCRA claim is thus proper under 28 U.S.C. § 1441(a), original jurisdiction as granted by the FCRA and discussed above, and under 28 U.S.C. § 1441(b), federal question jurisdiction. The remaining claims in Broom's complaint are closely related to the FCRA claim, arising out of the same common nucleus of operative fact, and thus properly fall within this Court's pendent jurisdiction. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). For all of the foregoing reasons, plaintiff's motion to remand is DENIED.