**Maria A. WARREN, etc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 89–146.**

United States District Court, E.D. Kentucky, London Division.

June 13, 1990.

James R. Golden, Middlesboro, Ky., for plaintiff.

Louis DeFalaise, U.S. Atty., Lawrence R. Carmichael, Asst. U.S. Atty., for defendant.

## MEMORANDUM

SILER, Chief Judge.

This matter is before the Court on plaintiff's motion to remand. The plaintiff filed this action when her application to be a retail participant in the federal food stamp program was denied. The United States removed this action from the Bell Circuit Court pursuant to 28 U.S.C. § 1441.

An aggrieved party may obtain judicial review of Food and Nutrition Service (FNS) decisions "in any court of record of the state having competent jurisdiction." 7 U.S.C. § 2023(a). Congress intended to create a system of review under 7 U.S.C. § 2023 where both the federal and state courts were accessible. However, the plaintiff asserts that as the United States always removes these cases, congressional intent is frustrated because aggrieved food retailers are precluded from pursuing their grievance in state courts.

The parties do not dispute that the state court and the district court for the Eastern

District of Kentucky have original jurisdiction to hear this action. However, the parties do dispute whether 7 U.S.C. § 2023(a), which provides for concurrent state-federal jurisdiction, constitutes an express exception to the right of removal as required by 28 U.S.C. § 1441.

28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States....

The plaintiff argues that the grant of power to hear this case to "any court of record of the state having competent jurisdiction," under 7 U.S.C. § 2023(a), creates an instance "otherwise expressly provided by Act of Congress" within the meaning of the removal statute, resulting in the nonremovability of this action.

Unable to find direct supporting authority, the plaintiff cites several cases involving analogous statutes where dual access to state and federal court was held to fall within the "expressly provided otherwise" language of 28 U.S.C. § 1441. *See Lederman v. Pacific Mutual*, 494 F.Supp. 1020 (C.D.Cal.1980); *Ruth v. Westinghouse*, 373 F.Supp. 468 (W.D.Okla.1974); *J.J. Ryan & Sons v. Continental Insurance*, 369 F.Supp. 692 (D.S.C.1974); *Wilkins v. Renault Southwest*, 227 F.Supp. 647 (N.D. Tex.1964).

Each of these opinions is distinguishable from the present action. *Lederman* held that the plaintiff's major medical insurance plan was part of an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002(1). However, the court concluded that the plaintiff's suit to recover payments under the plan was not governed by ERISA. *Lederman, supra*, at 1022. Only in the alternative did the court find that by giving to the plaintiff the choice contained in 29 U.S.C. § 1132(e) to proceed in federal or state court, Congress had "expressly provided" for the exception against removal referred to in 28

U.S.C. § 1441(a). *Id.* at 1023. The court supported its alternative holding reasoning that as concurrent jurisdiction exists, the plaintiff was entitled to his choice of forum, without the defendant's discretionary right to nullify the choice through removal. *Id.* However, the federal removal statutes contemplate concurrent jurisdiction in all cases eligible for removal. *Mercy Hospital Ass'n v. Miccio*, 604 F.Supp. 1177, 1180 (E.D.N.Y.1985) (criticizing the *Lederman* decision). *See also* 28 U.S.C. §§ 1441–1450. Thus, *Lederman's* conclusion, that in cases of concurrent jurisdiction the plaintiff's choice of forum is to be honored, must be rejected without an express statement of congressional intent supporting the honoring of such a choice. *See Dorsey v. City of Detroit*, 858 F.2d 338 (6th Cir. 1988) ("The weight of judicial authority supports the conclusion that 'a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited.'" *Id.* at 341 (quoting 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3729, at 495 (1985)).

The plaintiff in *Wilkins* sought to recover damages under the Federal Fair Labor Standards Act (FLSA), 29 U.S.C.A. § 201 *et seq.* Section 216(b) provides that such actions "may be maintained in any court of competent jurisdiction." The court held that a plaintiff's right to *maintain* an action in state court may not be defeated by removal of the action to federal court. *Wilkins, supra*, at 647. An examination of the legislative history revealed that Congress had expressly prohibited removal of a state-filed FLSA action to federal court. *Id.* at 648.

While the *Ruth* case was brought pursuant to the Consumer Credit Protection Act (CCPA), the court found that as the statute provided that CCPA actions "may be brought in any appropriate United States district court ... or any other court of competent jurisdiction," the most comparable statutory language appeared in the FLSA. *Ruth, supra*, at 469. Based on the reasoning of the FLSA cases, the court held that a CCPA action instituted in state court was not removable. *Id.* at 470–71. However, this rationale has been sharply

criticized. *See Haun v. Retail Credit Co.,* 420 F.Supp. 859, 862 (W.D.Pa.1976) (In an action brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (1970), the court reasoned that a statute providing that an action may be "maintained" in a federal or state court varies from a statute providing that a suit may be "brought" in a court of competent jurisdiction. *Id.* at 862.).

The *J.J. Ryan* case is also inapplicable to the present action. A common tenet of removal is that the removed action cannot have a different status in federal court than it would have had in state court. 28 U.S.C. § 1441(a), (b). Removal in *J.J. Ryan,* an admiralty case, would have substantially altered the remedies available to the plaintiff. *J.J. Ryan, supra,* at 697–98. Thus, removal was barred.

■ A defendant's right to remove an action is a statutory grant to be strictly construed. *Mercy Hospital, supra,* at 1179 (quoting *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951)). While courts have held that concurrent jurisdiction provisions bar removal, the weight of authority is against interpreting such clauses to prohibit removal pursuant to the "except as otherwise expressly provided" language of 28 U.S.C. § 1441. *See McConnell v. Marine Engineers,* 526 F.Supp. 770, 773 & n. 7 (N.D. Cal.1981). 7 U.S.C. § 2023(a) and the legislative history behind this provision are entirely devoid of an express prohibition against removal as required by the removal statute. *See McConnell, supra,* at 773; *Mercy Hospital, supra,* at 1180. If Congress was concerned about the danger of removal frustrating the ability of plaintiffs to successfully bring their grievances under the Food Stamp Act, 7 U.S.C. §§ 2011–2030, it could have easily provided express protection. *See* 28 U.S.C. § 1445(b). *See also Haun, supra,* at 863. Thus, in actions arising under the Food Stamp Act, the grant of concurrent jurisdiction gives the plaintiff the initial choice of forum. However, this choice is not absolute, but subject to the defendant's right to remove pursu-

ant to 28 U.S.C. § 1441. *See McConnell, supra,* at 773.

Accordingly, plaintiff's motion will be denied.