**Mark RHEA and Benjamin
J. Hamrick, Plaintiffs,**

v.

**AMRESCO, INC., et al., Defendants.**

No. 3:94–CV–1813–T.

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 6, 1994.

Jack Arnold Moffitt, Jr., Office of Jack A. Moffitt, Dallas, TX, for plaintiffs.

George C. Lamb, III, Baker & Botts, Dallas, TX, for Amresco Inc.

George C. Lamb, III, Baker & Botts, Greg Louis Weselka, Jones Day Reavis & Pogue, Dallas, TX, for Nationsbank of Texas NA.

Robert E. Johnson, CSC Credit Services Inc., Houston, TX, for CSC Credit Services, Inc.

Paul Lee Meyers, Strasburger & Price, Dallas, TX, for Transunion Corp.

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND

MALONEY, District Judge.

Before the Court is Plaintiffs' Motion to Remand. The motion is opposed. After considering the motion and the responses, the Court is of the opinion that the motion should be denied.

Plaintiffs filed this action in state court for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681. Defendants removed the case to this Court under 28 U.S.C. § 1441(b). Plaintiffs, then, filed this motion to remand on the grounds that 15 U.S.C. § 1681p confers upon them a statutory right to a choice of forum.

Section 1681p provides that an action to enforce the FCRA "*may be brought* in any appropriate United States district court ... or in any other court of competent jurisdiction...." 15 U.S.C. § 1681p. Plaintiffs rely

---

**284**

on *Griffin v. Hooper–Holmes Bur., Inc.,* 413 F.Supp. 107 (M.D.Fla.1976) and *Ruth v. Westinghouse Credit Co., Inc.,* 373 F.Supp. 468 (W.D.Okla.1974), for the proposition that removal in a FCRA case impermissibly deprives a plaintiff of his or her choice of forum.

The Fifth Circuit has rejected this reasoning. Holding remand was improper where the jurisdictional statute provided *"may bring* a civil action in any court of competent jurisdiction. . . .," the Fifth Circuit held that the "may bring" language conferred a right initially to bring an action in state court but did not guarantee that the plaintiff would be able to prosecute the suit to final judgment in that court. *Baldwin v. Sears, Roebuck and Co.,* 667 F.2d 458, 461 (5th Cir.1982) (applying the ADEA). Moreover, federal courts ruling on similar motions to remand under the FCRA have rejected the reasoning of *Griffin* and *Ruth. See, e.g., Alexander v. Goldome Credit Corp.,* 772 F.Supp. 1217, 1221 (M.D.Ala.1991) ("Without a doubt, a suit brought under the Truth In Lending Act is subject to removal from state to federal court."); *Sicinski v. Reliance Funding Corp.,* 461 F.Supp. 649, 650–52 (S.D.N.Y. 1978) (expressly rejecting *Griffin* and *Ruth* ).

Because Defendants' removal appears proper under 28 U.S.C. 1331 and 28 U.S.C. § 1441, the Court is of the opinion that Plaintiffs' motion to remand should be denied.

It is therefore ORDERED that Plaintiffs' Motion to Remand, filed September 27, 1994, is denied.