Maria A. WARREN d/b/a Warren's Grocery, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 90–5855.

United States Court of Appeals, Sixth Circuit.

Argued March 19, 1991.

Decided May 10, 1991.

583

James R. Golden (argued), Denham, Nagle, Golden & Nagle, Middlesboro, Ky., for plaintiff-appellant.

Louis DeFalaise, U.S. Atty., Lawrence R. Carmichael, Asst. U.S. Atty. (argued), Lexington, Ky., for defendant-appellee.

Before KRUPANSKY and NELSON, Circuit Judges; and GILMORE, District Judge.*

GILMORE, District Judge.

The son shall not bear the iniquity of the father, neither shall the father bear the iniquity of the son: The righteousness of the righteous shall be upon him, and the wickedness of the wicked shall be upon him.[1]

Plaintiff–Appellant, Maria A. Warren, appeals a district court judgment upholding the denial of Plaintiff's application to participate in the food stamp program. The Food and Nutrition Service of the Department of Agriculture ("FNS") denied Plain-

* The Honorable Horace W. Gilmore, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

1. *Ezekiel,* 18:20.

tiff a retail food stamp license for her grocery store solely because Plaintiff's father-in-law, who had previously owned and operated the store, committed food stamp violations and was permanently disqualified from the food stamp program. Because denying a license to Plaintiff on this basis is truly visiting the sins of the father upon the son, or upon the daughter-in-law as the case may be, the district court's affirmance of the FNS judgment is reversed.

## I

Lee Warren, Sr. ("Lee Sr.") owned and operated Warren's Grocery for more than 40 years, until his death in 1988. In 1981, Lee Sr. placed the store in the name of his son, Lee Warren, Jr. ("Lee Jr."). Lee Sr. also placed Lee Jr.'s name on the license to participate in the food stamp program. Lee Jr. claims he did not know about the transfer and never signed anything regarding the application for a food stamp license. Although a food stamp application on November 17, 1981, and a required update on June 3, 1984, both contain Lee Jr.'s signature, Lee Jr. denies that the signatures are his own. Lee Jr. testified that his father possibly put the store and license in his name in order to obtain social security benefits.

Lee Jr. did not become aware that the store had been placed in his name until some time in 1982. Lee Jr. admits to filing and signing tax returns from 1982 until his father's death in 1988, specifying himself as owner of Warren's Grocery. Lee Jr. explained that this was because Lee Sr. had a history of problems with state agencies and the IRS because of a general failure to pay taxes and keep proper records. The unrefuted testimony, however, is that Lee Jr. ran a rental car park and never exercised any attributes of ownership over the store or took any profit from the store. Lee Jr. testified that he did not consider himself the owner of Warren Grocery, and all parties agree that Lee Sr. retained day-to-day control over the store.

In 1983, FNS began an investigation into Warren's Grocery because of a suspiciously high redemption rate for food stamps. FNS sent a certified letter addressed to "Mr. Lee Warren, Jr., Owner," and received a return receipt with Lee Jr.'s signature. FNS files also list a phone call from Lee Jr. to the FNS offices regarding the investigation. Lee Jr. testified that the signature was undoubtedly made by his father, who also must have made the phone call using Lee Jr.'s name. According to FNS records, the only discussion of the matter made in person at the store was with Lee Sr.

Upon completion of its investigation, FNS concluded that Warren's Grocery was involved in food stamp trafficking. On April 15, 1986, FNS permanently disqualified the store from participation in the food stamp program. The disqualification was sustained upon administrative review and the decision was never appealed. *All parties to the present suit have stipulated that the food stamp program violations were committed only by Lee Sr.*

In May, 1987, Plaintiff married Lee Jr. Plaintiff testified that she believed Lee Sr. owned the grocery at the time of her marriage, but later learned that the store was in her husband's name.

After Lee Sr. died in 1988, his widow, Hazel Warren, attempted to run the store. However, a few weeks later Plaintiff purchased the store from Hazel Warren for $9,000. No one disputes that Plaintiff is the current and legitimate owner of Warren's Grocery. Since purchasing the grocery store, Plaintiff has made substantial capital improvements.

On January 21, 1989, Plaintiff applied to FNS for authorization for Warren's Grocery to participate in the food stamp program. FNS denied the application based upon the permanent disqualification issued in 1986. FNS adjudged Plaintiff's application to be an attempt to circumvent this prior disqualification.[2]

2. In denying the application, FNS explained:

It is the determination of the Food and Nutrition Service that the authorization of your firm

Plaintiff sought judicial review of the FNS action in the Bell Circuit Court of Kentucky. On June 13, 1989, FNS removed the matter to the Eastern District of Kentucky. On August 15, 1989, the United States was substituted as a party defendant and FNS was dismissed.

On February 22, 1990, Plaintiff filed a motion to remand, which was denied on June 6, 1990. 738 F.Supp. 212. After trial *de novo,* conducted on May 21, 1990, the district court upheld the action of the FNS denying Plaintiff's application for a retail food stamp license.

The district court determined that Plaintiff failed to show by a preponderance of the evidence that the administrative action was invalid. The court reasoned that the controlling issue was the ownership of Warren's Grocery at the time of the permanent disqualification. Although acknowledging that Lee Sr. was the practical owner and operator of the grocery, the court noted that the store was placed in Lee Jr.'s name and treated as Lee Jr.'s business during the relevant period. Thus the court concluded that Lee Jr. was properly considered the owner at the time of disqualification. The district court then determined that because Lee Jr. stood to realize an economic benefit from his wife's operation of the store, Plaintiff's application was presumed to be an attempt to circumvent the disqualification.

Plaintiff appeals the decision of the district court, arguing that: 1) the district court erred in denying Plaintiff's motion to remand; and 2) the district court erred in upholding the FNS action.

## II

We find no merit to Plaintiff's argument that the district court erred in denying the motion to remand the case to state court. Plaintiff originally filed the challenge to the FNS determination in Bell Circuit Court of Kentucky pursuant to the Food Stamp Act of 1964, 7 U.S.C. § 2011 et seq. Section 2023(a), which provides for judicial review of the denial of a food stamp license, states:

If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction....

FNS then removed the action pursuant to the general removal statute, 28 U.S.C. § 1441(a), which provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

■ Plaintiff contends that the grant of dual access to state or federal court in § 2023(a) precludes removal because it is an instance "otherwise expressly provided by Act of Congress" within the meaning of the removal statute. We do not agree.

■ This Court has not previously passed upon whether the grant of concurrent jurisdiction in the Food Stamp Act precludes removal. However, this Court has held, and the weight of authority provides, that a congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited. *Dorsey v. City of Detroit,* 858 F.2d 338, 341 (6th Cir.1988); *see also* 14A Wright, Miller & Cooper, *Fed-*

to participate in the Food Stamp Program is an attempt to circumvent administrative action taken against the same business, at the same location, under the ownership of your husband, Lee Warren, Jr. On April 15, 1986, Warren's Grocery, under the ownership of Lee Warren, Jr., was permanently disqualified from the Food Stamp Program. Although you state that Lee Warren, Sr. was the owner at that time, our records indicate that Lee Warren, Jr. ... was the owner of record. All correspondence between 1981 and 1986 was directed to Lee Warren, Jr. At no time did he indicate that Lee Warren, Sr. was the owner. Based on this information your application to participate in the Food Stamp Program is denied....

*eral Practice and Procedure*, § 3729, at 495 (1985). In *Dorsey*, the Court considered whether the grant of concurrent jurisdiction for § 1983 actions renders a state-initiated suit nonremovable as an express exception to 28 U.S.C. § 1441(a). The Court found no legislative intent to bar removal, and, noting that no other statute provides that § 1983 actions are nonremovable, the Court concluded that § 1983 actions may be removed.

■ Similarly, the § 2023(a) action is properly removable. A review of the legislative discussion reveals that Congress was interested in providing access to both state and federal courts, but is devoid of any reference to restrictions upon removal. Moreover, there is no statute precluding removal of a § 2023(a) action. Therefore, it is clear that the trial court did not err in refusing to remand the case to Bell County Circuit Court. Because the action was properly before the district court, we now review the substance of the district court's decision.

### III

The standard of judicial review over administrative action denying an application to participate in the food stamp program is found in the Food Stamp Act of 1964, 7 U.S.C. § 2011 et seq. Section 2023(a) provides in pertinent part:

> The suit in the district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue. If the court determines that such administrative action is invalid, it shall enter such judgment or order as it determines is in accordance with the law and the evidence.

■■ A district court is to make its own findings based upon the preponderance of the evidence and not limit itself to matters considered in the administrative proceeding. *Saunders v. United States*, 507 F.2d 33, 36 (6th Cir.1974); *accord Sims v. United States Dept. of Agric. Food & Nutrition Serv.*, 860 F.2d 858, 862–63 (8th Cir. 1988); *Ibrahim v. United States*, 834 F.2d 52, 53–54 (2nd Cir.1987). The burden of proof in the judicial review proceeding is upon the aggrieved store to establish the invalidity of the administrative action by a preponderance of the evidence. *Goodman v. United States*, 518 F.2d 505, 507 (5th Cir.1975).

■ We recognize that an appellate court is not to overturn the trial court's ultimate factual findings unless they are found to be clearly erroneous. Fed.R. Civ.P. 52(a); *Commissioner v. Duberstein*, 363 U.S. 278, 291, 80 S.Ct. 1190, 1200, 4 L.Ed.2d 1218 (1960). But in the instant case we believe that Plaintiff established the invalidity of the administrative action by a preponderance, and the district court's ruling to the contrary is clearly erroneous.

In the Food Stamp Act, Congress listed certain considerations the FNS is to take into consideration in determining whether to grant a food stamp license to a retail or wholesale food store. The FNS is directed to consider:

> 1) the nature and extent of the food business conducted by the applicant; 2) the volume of coupon business which may reasonably be expected to be conducted by the applicant food store or wholesale food concern; and 3) the business integrity and reputation of the applicant.

7 U.S.C. § 2018(a). To determine the integrity and reputation of the applicant, FNS regulations include consideration of "evidence of an attempt to circumvent a period of disqualification." 7 C.F.R. § 278.1(b)(3)(iv). The determination that an application is an attempt to circumvent a period of disqualification is grounds for denial of the application. 7 C.F.R. § 278.1(k)(1).

An agency handbook of FNS guidelines provides that a new owner of a previously disqualified store will not be allowed to participate in the food stamp program unless he or she submits a statement that the old owner and managers involved in the violation have no further financial interest in the firm. Absent such a statement, the handbook conclusively establishes as an attempt to circumvent a prior disqualification the application of a member of the same

household as a previously disqualified owner.[3]

 The trial court's judgment denying a food stamp license to Plaintiff was based upon the language in 7 C.F.R. 278.-1(b)(3)(iv), permitting inquiry into evidence of an attempt to circumvent a period of disqualification, and also upon the interpretation of that requirement found in the FNS handbook. Because Lee Jr. was the record owner of the store at the time of the prior disqualification, and because Lee Jr. would derive economic benefit from Plaintiff's operation of the store, the district court concluded that Plaintiff's application necessarily represented an attempt to circumvent the agency's prior ruling. This finding was, in the opinion of the Court, erroneous in view of the stipulation of all parties that the only person who violated the food stamp law was Lee Sr.

As pointed out earlier, this is a clear effort to visit the sins of the father upon the son. The record discloses no allegations of impropriety on Plaintiff's part, and the United States admits that Plaintiff is otherwise fully qualified to participate in the food stamp program. In addition, Lee Jr. cannot be held responsible for the actions of his father. Although Lee Jr. possessed paper title, Lee Jr. was initially unaware of this fact and never considered himself the owner of the grocery. The proof demonstrated, and the trial court found, that Lee Jr. enjoyed none of the usual attributes of ownership. He shared none of the profits, did not participate in the store's management, and he was not employed in the store. The mere fact that Lee Jr. signed tax returns for the store does not establish any knowledge of wrongdoing and cannot be considered determinative in and of itself. Moreover, the FNS handbook, which was issued without the benefit of the notice and opportunity for comment procedures provided in the Administrative Procedure Act, may not be used to create a presumption that is contrary to all of the evidence. *See Sims*, 860

F.2d at 863 (finding that FNS guidelines, while helpful in interpreting law and regulations, are not binding on reviewing court).

The district court erred in determining that the issue of Lee Jr.'s ownership was the dispositive factor in ascertaining whether Plaintiff's application was an attempt to circumvent a prior disqualification. The fact that the applicant's husband is a nominal owner is but one factor in determining whether the application was an attempt to circumvent the disqualification. Other factors, including the circumstances of Lee Jr.'s ownership and Plaintiff's intent in filing the application, must be taken into consideration as well.

Plaintiff testified that her application was not an attempt to circumvent the prior disqualification. The only evidence the United States put forward to controvert Plaintiff's testimony concerned her familial relations. We conclude that this relationship is insufficient to prove an attempt to circumvent the prior disqualification, and that Plaintiff established the invalidity of the FNS action by a preponderance of the evidence. We therefore hold that the trial court was clearly erroneous in refusing to order FNS to grant Plaintiff's application to participate in the food stamp program.

## IV

The district court order denying Plaintiff's motion to remand and retaining jurisdiction is hereby *affirmed.* The district court order upholding the FNS action is hereby *reversed* and remanded for entry of an order granting Plaintiff a retail food stamp license.

---

3. No party ever submitted the text of the handbook to the Court. The Court has derived the contents of the handbook from the deposition testimony, pleadings and oral argument before the Court.