_____

No. 96-1468
_____

James Haynes, doing business          *
as Greg & Jim's Mercantile,           *
                                      *
          Appellant,                  *
                                      *  Appeal from the United States
     v.                               *  District Court for the
                                      *  Eastern District of Arkansas.
United States Department of           *
Agriculture, Food & Nutrition         *          [UNPUBLISHED]
Service,                              *
                                      *
          Appellee.                   *


                        _____

              Submitted:  December 2, 1996

                  Filed:  January 29, 1997
                        _____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                        _____

PER CURIAM.


     James Haynes, a retail store owner, appeals the district court's[1] conclusion that he bore the burden of proof in his challenge under 7 U.S.C. § 2023(a) to the Department of Agriculture's Food and Nutrition Service's (DOA) decision to disqualify his store from participating in the food stamp program.[2]

_____

     [1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

     [2]After conducting a bench trial, the district court determined that--as the evidence was equally balanced--Haynes had failed to carry this burden.  The district court also vacated the DOA's disqualification decision; remanded for further administrative proceedings addressing Haynes's request for an alternative monetary sanction under 7 U.S.C. § 2021(a); and determined that the DOA should not recover on its False Claims Act counterclaim.

This circuit has not yet ruled on this precise issue. In agreement with the Fifth Circuit, we now hold that aggrieved store owners bear the burden of proof in section 2023(a) challenges.

Previously, we have recognized that section 2023(a) provides aggrieved store owners the right to de novo review of DOA disqualification decisions. See Ghattas v. United States, 40 F.3d 281, 286 (8th Cir. 1994) ("De novo review was part of the statute as initially enacted.") The Fifth Circuit has determined that aggrieved store owners bear the burden of proof in section 2023(a) challenges. See Redmond v. United States, 507 F.2d 1007, 1011-12 (5th Cir. 1975) (construing former § 2022, now § 2023(a) (1977)); see also Warren v. United States, 932 F.2d 582, 586 (6th Cir. 1991).

In Redmond, the court concluded that:

> [B]y requiring the aggrieved store [owner] to file a complaint in the district court requesting the court to set aside the agency determination, the [Food Stamp] Act casts the burden of being the plaintiff on the aggrieved store [owner] with all of the usual responsibilities of a plaintiff in obtaining relief from a court, including the burden of proving facts to show that he is entitled to relief. In other words, the agency action stands, unless the plaintiff proves that it should be set aside.

Redmond, 507 F.2d at 1011-12. In reaching this conclusion, the court noted that the normal review of administrative determinations under the Administrative Procedures Act, 5 U.S.C. § 706(2)(E), requires the application of the substantial evidence test. Redmond, 507 F.2d at 1011. The court reasoned that, by (implicitly) rejecting this standard of judicial review in the Food Stamp Act, Congress simply intended that district courts not be bound by the administrative record, and that both parties be allowed to introduce evidence not previously submitted to the agency. Id. at 1011-12.

The Fifth Circuit rejected the arguments that the trial should proceed with the agency as the plaintiff and as if no agency action had been taken, concluding those approaches imputed to Congress the "`terrible intention'" that the administrative procedure be "`simply a roadblock to get to the District Court.'"  Id. at 1012 (quoting district court).  The Fifth Circuit determined that, although the district court was not bound by the administrative record, the record was entitled to some weight; and that, if the plaintiff did not put on any evidence, the record was enough to justify the district court in upholding the agency's action.  Id.

We find this reasoning persuasive.  Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-