Judith JOHNSON, Plaintiff,

v.

FIRST UNUM LIFE INSURANCE COM-
PANY, The ABC Company, and The
XYZ Company (both names being ficti-
tious as the proper name of the insur-
ance carrier not presently known), De-
fendants.

No. 95 Civ. 10417 (BDP).

United States District Court,
S.D. New York.

Jan. 30, 1996.

Kantrowitz & Goldhamer, Chestnut Ridge, NY, for Plaintiff.

Lane & Mittendorf, New York City, for Defendants.

### MEMORANDUM AND ORDER

PARKER, District Judge.

This action was originally filed in Supreme Court, Rockland County, on November 21, 1995. In her complaint, Judith Johnson ("Johnson") alleges that the First Unum Life Insurance Company ("First Unum") wrongfully withheld payment for her disability under her Long Term Disability Insurance policy issued by First Unum to Johnson's employer Prodigy Services Company.

On December 11, 1995, defendant removed the action to this Court, alleging that the suit "arose" pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1381, and thus federal jurisdiction exists.[1] On January 30, 1995, plaintiff moved to remand on the ground that removal was improper.

29 U.S.C. § 1132(e)(1) provides that state courts of competent jurisdiction and district courts of the United States have concurrent

---

1. Plaintiff contends that this is not an ERISA action because she asserted only state contract and tort claims. Nevertheless, she seeks declaratory relief under state law that she is entitled to benefits under the policy. ERISA creates a federal cause of action, with concurrent state and federal jurisdiction, over claims by an employee "to recover benefits due to her under terms of her plan, to enforce her rights under the terms of a plan, or to clarify his rights to future benefits under the terms of a plan." 29 U.S.C. 1132(a)(1). The Supreme Court has held that ERISA preempts state claims involving improper handling of claims for employee benefits and thus provides a sufficient basis for removal. *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 65–67, 107 S.Ct. 1542, 1547–48, 95 L.Ed.2d 55 (1987).

jurisdiction over actions to recover employee welfare benefits. 28 U.S.C. § 1441(a) authorizes removal if original jurisdiction exists in the District Court. According to plaintiff, concurrent jurisdiction is not congruent with original jurisdiction, and thus removal was improper. We disagree.

■ At the outset, we note that section 1441(a) allows removal except "as otherwise expressly provided." Neither 29 U.S.C. § 1132(a)(1) nor (e)(1) expressly prohibits removal. The general rule is that "absent an express provision to the contrary, the removal right should be respected when there is concurrent jurisdiction." 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3739 (1985 and Supp.1990); see *Chilton v. Savannah Foods Industries,* 814 F.2d 620 (11th Cir.1987); *Mercy Hospital Association v. Miccio,* 604 F.Supp. 1177 (E.D.N.Y.1985).

### CONCLUSION

■ The removal of this action to this Court was proper, and jurisdiction is properly predicated on 28 U.S.C. § 1441(a), 29 U.S.C. § 1132(a), (e). Plaintiff's motion to remand is denied.

**SO ORDERED.**