Martha CASE, Plaintiff,

v.

HOSPITAL OF ST. RAPHAEL and
Unum Life Insurance Company
of America, Defendants.

No. 3:98CV00782 (WWE).

United States District Court,
D. Connecticut.

Jan. 20, 1999.

## RULING ON DEFENDANTS' MOTIONS TO DISMISS

EGINTON, Senior District Judge.

Plaintiff has brought a multi-count complaint against Defendants Unum Life Insurance Company of America ("Unum") and Hospital of Saint Raphael ("St. Raphael"). Plaintiff was employed by St. Raphael, which provided its employees with a long-term benefit policy issued by Unum. Plaintiff's complaint claims that the Defendants wrongfully withheld long-term disability benefits after Plaintiff became totally disabled.

In Counts One through Fourteen, Plaintiff seeks to hold both Unum and St. Raphael liable for breach of contract, breach of implied covenant of good faith, negligent performance of contract, intentional infliction of emotional distress, negligent infliction of emotional distress, ERISA, and the Connecticut Unfair Trade Practices Act ("CUTPA"). In Count Fifteen, Plaintiff seeks a declaratory judgment for a determination of the rights of the parties under the policy issued by Unum.

Both Unum and St. Raphael have moved for dismissal of Plaintiff's state law claims and her claim for a declaratory judgment. Defendants' have not moved for dismissal of Counts Six and Thirteen against St. Raphael and Unum, respectively, which both concern Defendants' ERISA liability. Based on the following discussion, Defendants' Motions to Dismiss are granted in part and denied in part.

### DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King &* *Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Defendants argue that all of Plaintiff's state law claims are preempted by ERISA. ERISA expressly supersedes any and all state laws that relate to any employee benefit plan. 29 U.S.C. § 1144(a). Congress designed ERISA's preemption clause to be expansive in order to ensure that plans and plan sponsors are subject to a uniform body of benefits law free from state law actions not contemplated by ERISA. *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

The determination of whether a state law is preempted by ERISA requires two prongs of analysis. *Plumbing Industry Board, Plumbing Local Union No. 1 v. E.W. Howell Co., Inc.,* 126 F.3d 61 (2d Cir.1997). First, preemption applies where a state law refers to ERISA plans in the sense that it acts solely upon such plans or depends upon the existence of an ERISA plan as an essential part of its operation. Second, preemption applies even if a state law does not refer to ERISA but has a clear connection with a plan by mandating employee benefit structures and administration or by providing alternative enforcement mechanisms.

Courts have consistently held that ERISA preempts state common law and statutory claims such as breach of contract or CUTPA. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (tortious breach of contract preempted by ERISA); *Degrooth v. General Dynamics Corp.,* 837 F.Supp. 485 (D.Conn.1993) (ERISA preempted claims for breach of contract and CUTPA.) More recently, the Connecticut district

court found that state contract and CUTPA claims were preempted under the first prong of ERISA preemption analysis. *Krass v. Connecticare*, No. 3:96cv2565 (AHN), 1998 WL 26409 (D.Conn.1998) (where the demonstration of the parties' liability was dependent upon the ERISA plan) *See also Ingersoll–Rand Co.*, 498 U.S. at 139–40, 111 S.Ct. 478 (ERISA preempted wrongful discharge claim where the demonstration of the parties' liability was dependent upon the ERISA plan).

Plaintiff urges that her state law claims are not preempted in light of recent Supreme Court precedent signaling limits on the application of ERISA preemption. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co.*, 514 U.S. 645, 655, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) (no preemption of hospital surcharge statute); *See also DeBuono v. NYSA–ILA Medical and Clinical Services*, 520 U.S. 806, 117 S.Ct. 1747, 138 L.Ed.2d 21 (1997) (no preemption of patient services tax); and *California Division of Labor Standards v. Dillingham*, 519 U.S. 316, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997) (no preemption of wage law).

However, these cases do not foreclose ERISA preemption in this instance. In *Travelers*, the Supreme Court clearly stated that it adhered to its view of ERISA preemption articulated in *Ingersoll–Rand* and *Pilot Life*. Further, none of these cases considered state law claims based on the denial of disability benefits and, therefore, do not affect the Court's analysis here.

■ In the instant case, Plaintiff's state law claims of contract, emotional distress and CUTPA are preempted by ERISA. The viability of these claims relates directly to the administration of the ERISA plan, and the liability of the parties is dependent upon the existence of the ERISA plan and rights conferred by it. Additionally, CUTPA provides an alternative mechanism for enforcing the rights protected by ERISA's civil enforcement scheme. Plaintiff's state common law and statutory claims against Unum and St. Raphael will be dismissed.

■ However, Unum and St. Raphael have cited to no authority supporting dismissal of Plaintiff's claim for a declaratory judgment to determine the rights of the parties under the policy. A declaratory judgment is an acceptable form of relief in an ERISA civil enforcement action. *See Pilot Life Insurance Co.*, 481 U.S. at 53, 107 S.Ct. 1549. Dismissal of Count Fifteen is denied as it relates to the Plaintiff's ERISA claim.

### CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' Motions to Dismiss [docs. # 5 and 11] as to Counts One through Five and Count Seven against St. Raphael, and Counts Eight through Twelve and Count Fourteen against Unum. The Court DENIES Defendants' Motions to Dismiss as to Count Fifteen.

The Plaintiff is directed to file an amended complaint within fifteen (15) days of this ruling, conforming the remaining counts viable in light of the ruling.

SO ORDERED.