**J. Douglas LECHLEITER, Plaintiff**

v.

**CLAIROL INCORPORATED,n/k/a/ P & G–Clairol, Inc. and Bristol–Myers Squibb Company Defendants**

**No. 3:02–CV–2102 (EBB).**

United States District Court,
D. Connecticut.

Feb. 3, 2003.

---

Thomas W. Bucci, Willinger, Willinger & Bucci, Bridgeport, CT, for plaintiff.

Sarah Moore Fass, Melissa L. Bellavia, Day, Berry & Howard, Stamford, CT,

Glenn William Dowd, Day, Berry & Howard, Hartford, CT, for defendants.

### RULING ON MOTION TO REMAND

ELLEN BREE BURNS, Senior District Judge.

### INTRODUCTION

This action was instituted by Plaintiff J. Douglas Lechleiter ("Plaintiff"), against Clairol, Incorporated n/k/a P & G–Clairol, Inc. ("Clairol") and Bristol–Myers Squibb Company ("BMS" or, collectively, the "Defendants") in the Superior Court of the State of Connecticut, Judicial District of Fairfield at Bridgeport (*"Lechleiter II"*). The Complaint was filed on October 28, 2002 and was timely removed to this Court on November 27, 2002. According to the Removal Petition, the basis for removal is that this action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1331, and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. Section 1441, in that it is a civil action involving a federal question (preemption under ERISA). Plaintiff now moves to remand this case, contending that there is no federal jurisdiction, as there is no federal question, nor diversity. Plaintiff contends the action, brought pursuant to the Connecticut Fair Employment Practices Act ("CFEPA"), is strictly a question of state law and, accordingly, must be remanded.

### STATEMENT OF FACTS

The Court sets forth only those facts deemed necessary to an understanding of the issues raised in, and decision rendered on, this Motion.

Firstly, however, it must be noted that *Lechleiter II* is the second lawsuit against these Defendants (*"Lechleiter I"*). On March 29, 2002, this Court granted Defendant's Motion to Dismiss, finding no cause of action under ERISA. The Court assumes familiarity with that decision and hereby incorporates the Statement of Facts from *Lechleiter I* herein. Thus, only pertinent additional facts will be put forth in this Statement.

In this action Plaintiff alleges that Defendants violated CFEPA, based on Plaintiff's disability status. Plaintiff claims that, because his period of disability does not count toward service credits under P & G's retirement plan, as it did under BMS' retirement plan, Defendants have discriminated against him. More specifically, Plaintiff claims that P & G–Clairol violated CFEPA, "when it discontinued contributions to its pension and 401(k) plans on behalf of Plaintiff solely as a result of Plaintiff's disabled employment status." As against BMS, Plaintiff claims that it violated CFEPA when it "severed its relationship with the Plaintiff, intending to transfer the Plaintiff to the pension and welfare benefit programs of the P & G Company, which it knew discriminated against disabled employees." In his request for relief in *Lechleiter II*, in addition to compensatory damages, Plaintiff asks that the Court:

1. Declare the conduct engaged in by Defendants to be in violation of the Plaintiff's rights;

2. Enjoin the Defendants from engaging in such conduct;

3. Require the Defendants to restore to the Plaintiff the retirement-subsidy to which he had become entitled under the terms of the Bristol–Myers Squibb retirement plan;

4. Require the Defendants to restore to the Plaintiff the accrued retirement benefits to which he had become entitled under the terms of the original Bristol–Myers Squibb retirement plan.

This is the exact relief he requested in *Lechleiter I,* which was rejected as legally unwarranted under ERISA. (In fact, fifteen of the factual allegations in *Lechleiter II* are **identical** to those found in *Lechleiter I* ).

Because the Defendants believed that ERISA preemption provided a valid basis for removal to this Court, on November 27, 2002, they timely removed this action from the state court. On December 23, 2002, Plaintiff moved this Court to remand the case to the state court.

### LEGAL ANALYSIS

A defendant may remove an action originally filed in state court only if the case originally could be filed in federal court, see 28 U.S.C. § 1441(a), and the defendant bears the burden of showing the propriety of that removal. *Grimo v. Blue Cross/ Blue Shield of Vermont,* 34 F.3d 148, 151 (2d Cir.1994). To determine whether federal question jurisdiction can be a basis for removal, courts are guided by the well-pleaded complaint rule, which provides that "federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law ..., and only when plaintiff's well-pleaded complaint raises issues of federal law." *Marcus v. AT&T Corp.,* 138 F.3d 46, 52 (2d Cir.1998)(internal citations omitted). Thus, a complaint that includes only state law claims generally cannot be removed to federal court based on federal question jurisdiction.

■■■ The complete preemption doctrine, however, is a corollary to the well-completed complaint rule. *Moscovitch v. Danbury Hospital,* 25 F.Supp.2d 74, 79 (D.Conn.1998). Under this doctrine, "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life*

*Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). "Once an area of state law has been completely preempted, any claim purportedly based on that law is considered, from its inception, a federal claim, and therefore rises under federal law". *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Removal is proper is such cases. *Id.* More specifically, "ERISA preemption provides a valid basis for removal jurisdiction only if (1) the state law cause of action is preempted by ERISA, and (2) that cause of action is 'within the scope' of the civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a)." *Plumbing Indus. Bd. Plumbing Local Union No. 1 v. E.W. Howell Co., Inc.,* 126 F.3d 61, 65 (2d Cir.1997). "In other words, if a plaintiff's state law claim is within the scope of § 502(a) it is completely preempted regardless of how he has characterized it." *Moscovitch,* 25 F.Supp.2d at 79.

■■■ Under *Plumbing Industry Board,* the first step is to determine if Lechleiter's cause of action is preempted by ERISA. There are two ways that ERISA might preempt a cause of action: first, when a state law refers to ERISA plans "in the sense that the measure acts immediately and exclusively on ERISA plans or where the existence of ERISA plans is essential to the law's operation," or, second, when a state law "has a clear connection with a plan in the sense that it mandates employee benefit structures or their administration or provides alternative enforcement mechanisms." *Plumbing Industry Board,* 126 F.3d at 67. Here, CFEPA does not refer to ERISA, but this statute has a clear connection with a plan because it provides an alternative enforcement action. In this case, Plaintiff attempts to use CFEPA as an alternative to ERISA. Under the guise of CFEPA

claims, Plaintiff alleges that Defendants unlawfully altered his retirement benefits. If otherwise valid, this claim could easily be cast as a claim for violation of ERISA. Thus, because Plaintiff alleges causes of action which can be brought as ERISA violations, and Plaintiff is attempting to use CFEPA as an alternative enforcement mechanism to ERISA, the first *Plumbing Industry Board* prong favors removal. *Accord Case v. Hospital of St. Raphael*, 38 F.Supp.2d 207, 208–09 (D.Conn.1999)(holding that contract, emotional distress and CUTPA claims were preempted by ERISA where plaintiff was claiming denial of disability benefits).

The second step in determining whether ERISA preemption provides a valid basis for removal jurisdiction is to ask whether the cause of action is within the civil enforcement provisions of ERISA § 502(a). *Plumbing Industry Board*, 126 F.3d at 65. Section 502(a)(1)(B) of ERISA provides that a beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." State law claims are within the scope of Section 502(a) when they "aim to redress, through other means, violations of rules that § 502(a) is designed to enforce." *Id.* at 69–70.

In the present case, as noted above, Plaintiff seeks the identical relief as in *Lechleiter I*, the return of his disability benefits. The relief sought is that granted to successful ERISA litigants. More specifically, where, as here, plaintiff seeks to obtain or reinstate employee benefits, such a claim falls well within the civil enforcement provisions of ERISA. *See Levine v. Hartford Life Ins. Co.*, 2002 WL 1608330, *3, 2002 U.S. Dist LEXIS 13605 at *10 (June 28, 2002)(denying motion to remand where plaintiff's claims to recover benefits

under employee benefit plan sought to "redress principles that § 502(a) was designed to enforce and therefore the causes of action set forth in [plaintiff's] complaint are within the scope of § 502(a)(1)(B)."); *Johnson v. First Unum Life Ins. Co.*, 914 F.Supp. 51 (S.D.N.Y.1996)(removal proper where plaintiff sought declaratory relief under state law that she was entitled to benefits under ERISA policy).

Here, Plaintiff seeks to be "restored" to his previous benefits and to be granted accrued service credits toward his retirement benefits. This remedy falls squarely within the civil enforcement powers of ERISA. *See* 29 U.S.C. § 1132(a)(1)(B)(a plan participant may seek "to recover benefits due to him under the terms of his plan"). Plaintiff also asks this Court to enjoin the Defendants from maintaining the P & G–Clairol retirement benefit plan as it is currently written and applied. Again, ERISA grants plan participants the right to seek and obtain such injunctive relief. *See* 29 U.S.C. § 1132(a)(3)(ERISA permits a participant to seek "to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan.").

Resultingly, because Plaintiff seeks the very relief ERISA provides, his claims fall within the civil enforcement provisions of ERISA and the second prong of *Plumbing Industry Board* is satisfied.

### CONCLUSION

The Court hold that *Lechleiter II* sets forth claims which are preempted under both prongs of *Plumbing Industry Board*, and accordingly, are being used as alternative enforcement mechanisms to ERISA. Further, the relief sought may be granted under ERISA itself. Thus, removal was

proper and the Motion to Remand [Doc. No. 10] is hereby DENIED.

SO ORDERED